**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Lyle Gerald JOHNS, Defendant— Appellant.**

**No. 97–10168.**

**D.C. No. CR–91–00392–JMR.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted April 10, 2003.

Decided June 16, 2003.

Before NOONAN, McKEOWN, and RAWLINSON, Circuit Judges.

## MEMORANDUM*

The district court did not abuse its discretion in declining to sanction the govern-

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

ment as a result of Agent Simon's advice to Tracy Batorson not to speak with defense counsel. After an evidentiary hearing, the district court concluded that Batorson knew that she could to speak with defense counsel and that Simon's actions did not "unfairly handicap[ ]" Johns's ability to put on a defense at trial. *See United States v. Cooke,* 608 F.2d 1175, 1182 (9th Cir.1979) (en banc).

The district court did not commit reversible error in allowing Batorson to testify that she began using cocaine after she was raped and forced to use cocaine by her assailant. This evidence provided context for her testimony. The district court gave the jury a limiting instruction with respect to this testimony and we must presume that the jury followed this instruction. *See United States v. Span,* 75 F.3d 1383, 1390 (9th Cir.1996).

Johns's conviction for use of a firearm must be reversed in light of *Bailey v. United States,* 516 U.S. 137, 116 S.Ct. 501, 133 L.Ed.2d 472 (1995). We remand for the district court to enter a corrected judgment.

We review for plain error whether the district court violated Johns's rights under *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). *United States v. Buckland,* 289 F.3d 558, 563 (9th Cir.2002) (en banc). Although Johns's sentence violated the rule announced in *Apprendi,* Johns's sentence did not "seriously affect the fairness, integrity, or public reputation of judicial proceedings" because the evidence demonstrating drug type and drug quantity was overwhelming and essentially uncontroverted. *United States v. Cotton,* 535 U.S. 625, 122 S.Ct.

1781, 1785, 152 L.Ed.2d 860 (2002) (internal quotation marks and alteration omitted).

Finally, the district court did not err in relying on Batorson's testimony with respect to drug amounts and quantities because these factors were not disputed and Batorson's testimony had "a sufficient indicia of reliability to ensure its probably accuracy." U.S.S.G. 6A1.3(a).

**AFFIRMED in part, REVERSED in part, and REMANDED.**